FILED
November 15, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003075241

3
Susan M Didriksen, Chapter 7 Trustee
PO Box 1460
Shingle Springs, CA 95682
Tel: (530)232-6119
E-mail: didriksen1@gmail.com

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>**ROBERT GUY WILNER and**<br><br>**BETTY LOU WILNER,**<br><br>Debtors. | Case No. 10-32067-C-7<br>DCN: SMD - 2<br><br>DATE: December 14, 2010<br>TIME: 9:30 A.M.<br>LOCATION: 501 I Street, 6th Floor<br>Department C<br>Courtroom 35 (6th Floor)<br>Sacramento, CA 95814 |

**TRUSTEE'S MOTION TO SELL PERSONAL PROPERTY OF THE ESTATE**

TO: THE HONORABLE CHRISTOPHER M. KLEIN, JUDGE, U. S. BANKRUPTCY COURT; THE OFFICE OF THE U. S. TRUSTEE; THE ABOVE-CAPTIONED DEBTORS; AND, THE DEBTORS' ATTORNEY.

    The undersigned, Susan M. Didriksen, the court appointed Chapter 7 Trustee (the "Trustee") in the above-captioned Bankruptcy estate of ROBERT GUY WILNER and BETTY LOU WILNER, (the "Debtors"), hereby requests that this Court approve the sale of the Bankruptcy's Estate's interest in River District RV Storage Inc., to the Debtors, for a total of $17,500 cash. The proposed sale transaction will include credits for the Debtors' §703.140(b)(5) and §703.140(b)(6) exemptions in the amount of $5,207.97 and $2,200.00, respectively. In support of this motion, the undersigned Trustee respectfully represents the following:

    1.    The Debtors filed a voluntary Chapter 7 Bankruptcy Petition on or about May 7, 2010, and an Order for Relief was entered thereon.

    2.    Susan M. Didriksen was appointed as the Interim Chapter 7 Trustee on or about May 7, 2010, and continues to serve in that capacity.

3. The Court has jurisdiction over the current motion under 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding under 28 U.S.C. section 157(b)(2)(A), (N) and (O).

4. The Debtors filed Schedule B on or about May 7, 2010, and disclosed personal property described as follows:

" Debtors Share in River District RV Storage Inc based on Balance Sheet"

(hereinafter referred to as the "Incorporated Business").

5. The Debtor's Amended Schedule "C" filed on or about November 15, 2010, claimed monetary exemptions for §703.140(b)(5) and §703.140(b)(6) pertaining to the Incorporated Business in the amounts of $5,207.97 and $2,200.00.

6. The Debtors, through their attorney, Mr. Gregory Flahive, have presented an offer in the amount of $17,500 to purchase the aforementioned Incorporated Business in an "as-is" condition from the Bankruptcy Estate as follows:

```
           $17,500.00   Debtors' Offer to Purchase the Subject Personal Property
Less:        2,200.00   Credit for Debtors' §703.140(b)(6) exemption
             5,207.97   Credit for Debtors' §703.140(b)(5) remaining exemption
           $10,092.97   Net Purchase Amount to be tendered by the Debtors
```

7. The payment will be made in six monthly installments of $1,682 due the first of each month in the form of Cashier's Check to the undersigned Trustee for the purchase of the Incorporated Business.

8. The undersigned Trustee believes that the immediate liquidation of the Subject Personal Property is in the best interest of the Bankruptcy Estate. This proposed sale would also alleviate the typical costs incurred with the sale of a business (i.e. valuation analysis, interim operation, etc.) and any sales commission attendant to a sale. Therefore, the trustee requests the approval from this Court to sell the aforementioned Incorporated Business to the Debtors for the amount of $17,500, less credits in the amounts of $5,207.93 and $2,200.00 representing the Debtors' claimed C.C.P. §703.140(b)(5) and §703.140(b)(6) exemptions, subject to any overbids tendered at the Court hearing.

9. At the Court hearing, the Trustee will request that the Court solicits overbids. The Trustee further requests that overbids, if any, be submitted in minimum increments of $500.00 from qualified bidders who much contact the Trustee at least twenty-four hours prior to this hearing. Any

successful over bidder must remit the full amount of the cash selling price to the Trustee within twenty-four hours after the Court hearing is concluded.

WHEREFORE, the undersigned Trustee respectfully requests that this Court: A.) Approve the sale of the aforementioned Incorporated Business to the Debtors in the manner stated herein, B.) Provide authority for the Trustee to execute all documents necessary to complete the contemplated sale; C.) Provide authority for the Trustee to either pay or credit the exempted amount of $5,207.97 and $2,200 directly to the Debtors from the sale of proceeds of the subject property if sold to a third party; and, D.) Provide for such other relief as the Court deems appropriate.

Respectfully submitted,

Dated: November 15, 2010  /s/ Susan M. Didriksen
Susan M. Didriksen, Chapter 7 Trustee